IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| THOMAS L. JOHNSON and wife<br>EMILY R. JOHNSON,<br><br>      Plaintiffs,<br><br>v.<br><br>FLAGSTAR BANK, FSB,<br><br>      Defendant. | No. 2:12-CV-223 |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of "Flagstar Bank, FSB's Motion to Dismiss" [doc. 3]. Plaintiffs have not responded to the motion, and the time for doing so has elapsed. *See* E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2.

Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons that follow, the motion will be granted, and this case will be dismissed.

I.

*Background*

On December 11, 2008, plaintiffs entered into a loan for the purchase of property in Hamblen County, Tennessee. A deed of trust in favor of defendant Flagstar Bank, FSB ("Flagstar") as the lender secured the promissory note. Apparently at some time after 2008, plaintiffs defaulted on the note and deed of trust and Flagstar appointed a substitute trustee. The appointment of a substitute trustee was recorded in Hamblen County. Plaintiffs allege that during this period they were negotiating with Flagstar to modify their loan and they understood that Flagstar was working with them. Plaintiffs also alleged that Flagstar provided them with a Homeowners Affordable Modification Program ("HAMP") modification package, which they returned for consideration. In spite of the HAMP modification being in progress, plaintiffs assert that their property was sold at foreclosure. In the complaint, plaintiffs admit that they knew of the foreclosure date but did not believe the foreclosure would take place because the loan modification was still under review. Subsequent to the foreclosure, Flagstar filed an unlawful detainer action against the plaintiffs that resulted in this civil action being filed in the Circuit Court for Hamblen County, Tennessee. Flagstar removed the case to this court on the basis of diversity of citizenship, 28 U.S.C. § 1332 and 1441.

A review of the complaint indicates that plaintiffs are raising claims for wrongful foreclosure for alleged violation of the HAMP guideline and the failure to comply with the provisions of Tennessee Code Annotated § 35-5-101.

2

II.

*Standard of Review*

Flagstar's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

3

III.

*Analysis*

**HAMP Claim**

Plaintiffs allege that their loan was being modified under HAMP when their property was sold in a foreclosure sale. However, Flagstar argues that plaintiffs cannot assert a cause of action for wrongful foreclosure under HAMP. The court agrees.

"The federal courts who have reviewed actions involving the Homeowners Affordable Modification Program ("HAMP"), have uniformly concluded that HAMP does not contain a private right of action." *Mengitsu v. Bank of Am., N.A.*, No. 3:10-0856, 2012 WL 3890597, at *6 (M.D. Tenn. Sept. 7, 2012) (citing *Grona v. CitiMortgage, Inc.*, No. 3-12-0039, 2012 WL 1108117, at *5 (M.D. Tenn. Apr. 2, 2012); *JP Morgan Chase Bank, N.A. v. Horvath*, 862 F. Supp. 2d 744, 747-48 (S.D. Ohio 2012) (collecting cases)); *see also Starkey v. First Magnus Fin. Corp.*, No. 3:11-1217, 2012 WL 4061204, at *6 (M.D. Tenn. Sept. 14, 2012) ("[T]he majority of federal courts who have reviewed actions involving HAMP have uniformly concluded that HAMP does not contain a private right of action or confer third party beneficiary status on borrowers with respect to servicing agreements under HAMP."); *Clay v. First Horizon Home Loan Corp.*, --- S.W.3d ----, No. E2011-01503-COA-R9-CV, 2012 WL 2383828 (Tenn. Ct. App. June 26, 2012). Accordingly, plaintiffs' claim based upon HAMP will be dismissed.

## Claim Under Tenn. Code Ann. § 35-5-101

Plaintiffs also allege that the foreclosure sale should be set aside because Flagstar did not comply with Tenn. Code Ann. § 35-5-101. That statutory provision provides in relevant part as follows:

> (a) In any sale of land to foreclose a deed of trust, mortgage or other lien securing the payment of money or other thing of value or under judicial orders or process, advertisement of the sale shall be made at least three (3) different times in some newspaper published in the county where the sale is to be made.
>
> (b) The first publication shall be at least twenty (20) days previous to the sale.
>
> . . .
>
> (e) In any sale of land to foreclose a deed of trust, mortgage, or other lien securing the payment of money or other thing of value or under judicial orders of process, the trustee or other party that sells the property shall send to the debtor and any co-debtor a copy of the notice required in § 35-5-104. The notice shall be sent on or before the first date of publication provided in subsection (b) by registered or certified mail, return receipt requested. . . .

The remainder of section (e) specifies how notice is to be sent to the debtor and, if any, to a co-debtor.

Flagstar argues that the claim based on this Tennessee statute should be dismissed for several reasons. The first argument Flagstar makes is that plaintiffs do not specify what portion of the statute they allege Flagstar violated and it is impossible to deduce from the factual allegations in the complaint the claim they are asserting. Therefore,

5

pursuant to Fed. R. Civ. P. 8 the complaint is so vague and ambiguous that Flagstar cannot form a response. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555. Plaintiffs' complaint does not do that. The complaint merely states that the foreclosure sale should be set aside because Flagstar did not comply with Tenn. Code Ann. § 35-5-101. It does not assert how Flagstar did not comply or how that alleged noncompliance entitles them to relief under the cited statutes. Plaintiffs have not stated a claim based on Tenn. Code Ann. § 35-5-101 for that reason.

Flagstar next agues that if plaintiffs' claim is based on a failure to satisfy subsections (a) or (b) of § 35-5-101, they are mistaken. The foreclosure sale of plaintiffs' property was advertised three times in a paper of general circulation in Hamblen County, Tennessee, where the property is located, as required by the statute. Flagstar includes with its motion a copy of the public notice with the publication dates.[1] Thus, no claim based on

---

[1] In addressing a motion under Rule 12(b)(6), the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Gee v. UnumProvident Corp.*, No. 1:03-CV-147, MDL 1:03-MD-1552, 2005 WL 534873, at *7 (E.D. Tenn. Jan. 13, 2005) ("[I]f documents are attached to, incorporated by, or specifically referred to in the complaint, they are considered part of the complaint and the Court may consider them.") (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Specifically, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). The complaint makes
(continued...)

a violation of these subsections can stand.

In addition, Flagstar argues that to the extent plaintiffs allege a violation of subsection (e), the claim fails since the plaintiffs admit in the complaint that they "knew of the foreclosure date but were led to believe by Flagstar that the loan modification was still under review and the foreclosure would not take place." Flagstar concludes that construing the facts in the light most favorable to the plaintiff leads to the finding that plaintiffs were given notice of the sale by Flagstar and/or the substitute trustee. Plaintiffs clearly knew about the foreclosure, although there are no facts in the complaint setting out exactly how they obtained the knowledge. Nor does the complaint make any specific allegation regarding a problem with the notice called for under subsection (e).

In any event, the foreclosure sale is not void or voidable if the procedures regarding such sales are not met. *McSwain v. Am. Gen. Fin., Inc.*, 1994 WL 398819 (Tenn. Ct. App. July 22, 1994); *Conway v. E. Sav. Bank, FSB*, No. W2005-02919-COA-R3-CV, 2006 WL 3613605 (Tenn. Ct. App. Dec. 11, 2006); Tenn. Code Ann. § 35-5-106. Tenn. Code Ann. § 35-5-106 states, "Should the officer, or other person making the sale, proceed to sell without pursuing the provisions of this chapter, the sale shall not, on that account, be either void or voidable." Therefore, even if there was a problem with the notice, which is not specifically alleged in the complaint, that would not be a basis to void the foreclosure sale

---

[1](...continued)
reference to notification under Tenn. Code Ann. § 35-5-101, and therefore notices of the foreclosure sale are an integral part of the allegations in the complaint. Attaching the copy did not convert the motion to dismiss to a motion for summary judgment.

7

or reinstate their loan.

**Claim for Punitive Damages**

The complaint seeks punitive damages, and Flagstar asserts that the complaint fails to assert a viable claim for punitive damages under *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992). Since plaintiffs' substantive claims are being dismissed resulting in the entire case being dismissed, the court does not need to address the issue of punitive damages.

IV.

*Conclusion*

Accordingly, for the reasons stated herein, Flagstar's motion to dismiss will be granted, and this case will be dismissed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge